MUNICIPALITY OF ARECIBO, Appellant, *v.* REGISTRAR OF PROPERTY OF ARECIBO, Respondent.

No. 1016. Submitted February 1, 1938.—Decided February 11, 1938.

*Luis Mercader* for appellant.   The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The possessory title to a parcel of land was recorded in the name of Manuel Lugo without prejudice to third persons who might have a better right.   In 1928, Lugo and his wife conveyed the property to the Municipality of Arecibo.   In November 1937, the municipality requested that by virtue of the deed from Lugo and his wife, the property should be recorded in the name of the municipality as absolute owner thereof in accordance with the provisions of subdivision 6 of Article 2 of the Mortgage Law, and Articles 31 and 33 of the Regulations for the enforcement thereof.   The registrar refused to comply with this request because of the possessory character of Lugo's recorded title and because of non-compliance with the requirements of Section 1 of an act approved July 7, 1923 (Laws, p. 216).

Article 2 of the Mortgage Law provides for the record of "Deeds of acquisition of real property and real rights possessed or administered by the State, or by civil or ecclesiastical corporations subject to the provisions of laws or regulations."

Articles 31 and 33 of the Regulations reads as follows:

"Article 31.—Real property or property rights held or administered by the State and civil corporations, shall be recorded at once

648

in the registries of property of the judicial districts in which they may be situated.

"Article 33.—Whenever a written title exists of the ownership by the State or corporation of the property to be recorded in accordance with the provisions of article 31, it shall be filed in the proper registry and a record of ownership shall be applied for by virtue thereof in favor of the person appearing to be the owner, which record must be entered, if proper, in accordance with the rules established for records of private individuals."

None of these articles requires the registrar of property to record as a dominion title a deed of conveyance executed by a vendor who has a possessory title only. Lugo could not confer upon the municipality and the municipality could not acquire from him any other or better title than his own.

The registrar's ruling must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.